Curtis TALLEY, Jr., Plaintiff,

v.

DISTRICT OF COLUMBIA,
et. al, Defendants.

Civil Action No. 1:01CV01930 (RBW).

United States District Court,
District of Columbia.

April 28, 2006.

**6**

Gregory L. Lattimer, Law Offices of Gregory L. Lattimer, PLLC, Washington, DC, for Plaintiff.

Damon A. Pace, Corporation Counsel for the District of Columbia, David A. Jackson, Office of the Attorney General, Washington, DC, for Defendants.

1. Officer Siegel was never served with the complaint in this action and therefore was never a party before this Court.

2. See Carter v. District of Columbia, 795 F.2d 116, 137–138 (D.C.Cir.1986). As in Carter, the jury here was instructed that it had to

Willie Harris, Washington, DC, pro se.

### MEMORANDUM OPINION

WALTON, District Judge.

This matter is before the Court on the Plaintiff's Petition for Attorney's Fees [D.E. # 51], for legal services rendered in connection with a judgment obtained against Officer Willie Harris and the District of Columbia ("District") as Officer Harris' employer. Upon considering the plaintiff's petition, the Court concludes that the plaintiff is not entitled to an award of attorney's fees.

### I. Background

This case involved a civil action brought by the plaintiff, Curtis Talley, Jr., to recover money damages from the District of Columbia government and two Metropolitan Police Department officers, Willie Harris and Scott D. Siegel.[1] The plaintiff's claims arose from his arrest on December 25, 2000, when he alleged that he was beaten by Officers Harris and Siegel. The plaintiff filed a six count complaint against the defendants alleging excessive force, assault and battery, deprivation of his civil rights pursuant to 42 U.S.C. § 1983 (2000), intentional infliction of emotional distress, false arrest, and malicious prosecution. See Complaint. The trial commenced on February 2, 2004, and the jury returned its verdict on February 11, 2004. The jury found liability on the part of the District based on the theory of respondent superior and judgment was entered against the District and Officer Harris as directed by the Court.[2] The jury had been instructed to

enter a judgment against Officer Harris and the District. They were instructed also to determine the amount of damages the plaintiff was entitled to receive, including nominal damages, based on the evidence introduced during the trial.

enter judgment against the defendants because of a default that had been entered against them due to Officer Harris' failure to initially participate in the litigation process.[3] And the jury made a monetary award to the plaintiff in the amount of one dollar on each of the two claims upon which judgment was entered. *See* Verdict Form at 1–2.[4] The plaintiff now moves for an award of attorney's fees as the prevailing party pursuant to 42 U.S.C. § 1988. The defendants have not filed an opposition to this motion.[5]

## II. *Analysis*

■ 42 U.S.C. § 1988(b) provides in pertinent part that:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, *in its discretion*, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such

officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(emphasis added). Thus, "in order to qualify for attorney's fees under [section] 1988, a plaintiff must be a 'prevailing party.'" *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

### A. *Is the Plaintiff a Prevailing Party?*

■ The "'plaintiff[ ] may be considered a 'prevailing part[y]' for attorney's fees purposes if [he] succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation omitted)). "Liability on the merits and responsibility for fees go hand in had; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not author-

---

3. Officer Harris was served with the complaint in this action on January 19, 2002, but failed to answer the complaint or otherwise respond to it. Consequently, on January 29, 2003, this Court issued an order for Officer Harris to show cause why a default should not be entered against him for failure to answer the complaint or otherwise file a response. Officer Harris failed to respond or appear for the show cause hearing that had been scheduled for February 13, 2003, and on February 19, 2003, this Court directed the Clerk of the Court to enter a default against Officer Harris. The Clerk's default against Officer Harris was subsequently entered on December 19, 2003. However, a default judgment was never sought by the plaintiff and therefore was never entered by the Court.

4. A $1.00 award was made on the claims of assault and battery, intentional infliction of emotional distress and false arrest, and a $1.00 award was made on the plaintiff's 42 U.S.C. § 1983 civil rights claim.

5. Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the Court may treat the motion as conceded. LCvR. 7(b). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary, and the District of Columbia Circuit has noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [it will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C.Cir.1997) (citation omitted). Here, although the Court is cognizant of the fact that the defendants did not file a response to the plaintiff's motion for attorney's fees, and could treat the motion as conceded, the Court chooses to exercise its discretion and not treat the motion as conceded. To conclude otherwise would award the plaintiff and his counsel a windfall at the expense of the District taxpayers.

ize a fee award against the defendant." *Id.* (citations omitted). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111–112, 113 S.Ct. 566. A material alteration occurs when "the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Id.* at 113, 113 S.Ct. 566. In *Farrar*, the Supreme Court held that "a plaintiff who wins nominal damages is a prevailing party under [section] 1988." *Id.* at 112, 113 S.Ct. 566. The Court reasoned that "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113, 113 S.Ct. 566. So to qualify as a prevailing party, the plaintiff must satisfy two requirements. One, he must have prevailed to some degree on the merits. And second, he must show that the defendants became obligated to do something as a result of this litigation that otherwise they would not have been required to do.

■ As noted, the plaintiff was awarded nominal damages by the jury based solely on the default that had been entered against Officer Harris. *See* Verdict Form. The jury so indicated in response to questions presented to them on the verdict form. *Id.* The jury also responded in the negative when asked if it was awarding damages to the plaintiff based on any evidence presented during the trial regarding Officer Harris' conduct other than the default. Thus, it is undeniable that the jury concluded that Officer Harris did nothing inappropriate during his encounter with the plaintiff at the time of the plaintiff's arrest.

Although the award of nominal damages was technical in nature—awarded simply by virtue of the default entered against Officer Harris—based on what the Supreme Court said in *Farrar*, the award "modif[ied] the defendant's behavior for the plaintiff's benefit by forcing the defendant[s] to pay an amount of money [they] otherwise would not pay." *Farrar*, 506 U.S. at 113, 113 S.Ct. 566. Indeed, the *Farrar* Court considered "whether a nominal damages award is the sort of 'technical,' 'insignificant' victory that cannot confer prevailing party status," and ultimately concluded that "the prevailing party inquiry does not turn on the magnitude of the relief obtained," *id.* at 113–14, 113 S.Ct. 566, but rather the modification in the defendants' behavior. *Id.* at 113, 113 S.Ct. 566. However, unlike the situation in *Farrar*, here, the plaintiff did not actually prevail on the merits. The petitioners in *Farrar*, on the other hand, did prevail on the merits because they obtained some "actual relief on the merits of their claim . . . ." *Id.* at 111, 113 S.Ct. 566. In that regard, the *Farrar* Court noted that the "litigation accomplished little beyond giving petitioners 'the moral satisfaction that a federal court concluded that [their] rights had been violated . . . .' " *Id.* at 114, 113 S.Ct. 566 (citations omitted). Nonetheless, the petitioners in *Farrar* were deemed to have prevailed on the merits, and thus were prevailing parties. Here, in contrast to *Farrar*, the plaintiff did not prevail on the merits. Instead, the plaintiff achieved a purely technical victory, based solely on the entry of a default that had been entered against Officer Harris because he initially failed to participate in the litigation process. The jury otherwise concluded that Officer Harris' actions were entirely in compliance with the law. Consequently, the jury only awarded the plaintiff nominal damages totaling two dollars.

Because the plaintiff did not prevail on the merits or any of his claims, he failed to satisfy the first prerequisite for acquiring prevailing party status. This decision is not incompatible with *Farrar*, as the Supreme Court was not confronted with a situation where a plaintiff had not actually prevailed on the merits, but yet caused a defendant to modify his behavior by obtaining a judgment that required the payment of nominal damages. Accordingly, *Farrar* does not compel that the plaintiff be deemed a prevailing party. And, the Court concludes that he is not, having achieved "a technical victory . . . so insignificant . . . as to be insufficient to support prevailing party status." *Farrar*, 506 U.S. at 113, 113 S.Ct. 566 (quoting *Texas State Teachers Ass'n. v. Garland*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

**B. *Is the Prevailing Party Seeking Reasonable Fees?***

Even if *Farrar* demanded that the plaintiff be declared the prevailing party in this case, he would nonetheless not be entitled to recover attorney's fees. This is because obtaining prevailing party status is not alone sufficient to acquire attorney's fees. Rather, once a plaintiff crosses the statutory threshold of establishing that he is a prevailing party, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. Here, the plaintiff's counsel is requesting attorney's fees in the amount of $57,990.00, even though his client was awarded only $2.00 by the jury. The Court is therefore tasked with deciding whether counsel's request is reasonable.

The Supreme Court has assessed the reasonableness of a fee request by analyzing "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" because this calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's service. *Id.; Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 12–13 (D.C.Cir.1984), overruled on other grounds, *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C.Cir.1988) (en banc). "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114, 113 S.Ct. 566. Moreover, "'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award. . . ." *Id.* When determining the reasonableness of an attorney's fee award, "'the most critical factor' . . . 'is the degree of success obtained.'" *Id.* (citing *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933). Thus, the *Farrar* Court opined that "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Id.* at 115, 113 S.Ct. 566. Moreover, the Court noted that "[a] plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.*

In *Farrar*, the petitioners sought $17 million in compensatory damages, yet they received only a nominal award of one dollar. *Id.* at 114, 113 S.Ct. 566. The Court found that "a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his 'absolute' right to procedural due process through enforcement of a judgment against the defendant." *Id.* at 115, 113 S.Ct. 566 (citation omitted). On the other hand, the Court noted that "[i]n a civil rights suit for damages, . . . the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury." *Id.* Therefore, the Court concluded that

**10**

"[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (internal citation omitted). Here, the plaintiff sought $8 million dollars in damages for claims of assault and battery, intentional infliction of emotional distress, false arrest, and violation of his civil rights. As discussed above, the plaintiff did not prevail based on a liability finding resulting from the actions of the police officers at the time of his arrest. Rather, the plaintiff's award was purely technical in nature, based solely on the entry of a default that had been entered against Officer Harris because he initially failed to participate in the litigation process. Consequently, the jury only awarded the plaintiff nominal damages totaling two dollars, as a result of its definitive determination that the plaintiff had "fail[ed] to prove actual, compensatory injury." *Id.* (citation omitted). In contrast, the *Farrar* Court concluded that although "[t]he litigation accomplished little …" it did give "the petitioners 'the moral satisfaction of knowing that a federal court concluded that their rights had been violated' in some … way." *Id.* at 114, 113 S.Ct. 566. Nevertheless, the Court recognized that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, … the only reasonable fee is usually no fee at all." *Id.* at 115, 113 S.Ct. 566 (citation omitted). Thus, although the Supreme Court conferred prevailing party status upon the petitioners, it affirmed the Fifth Circuit's reversal· of the District Court's attorney's fee award. *Id.* at 116, 113 S.Ct. 566. Adhering to the reasoning of the Supreme Court in *Farrar,* it would be unreasonable in this case for the plaintiff's counsel to recover any attorney's fees based on the nominal damages award, even if this Court could designate the plaintiff as a prevailing party. And this is true to even a greater extent here, considering why the nominal award was made. To conclude otherwise, would amount to nothing other than a "windfall" for the plaintiff's attorney. *Id.* at 115, 113 S.Ct. 566. Accordingly, the plaintiff is not entitled to any award of attorney's fees.

### III. *Conclusion*

Because the plaintiff is not a prevailing party under § 1988(b), and even if he could be so designated he has not established that any amount of a fee award would be reasonable, the Plaintiff's Petition for Attorney's Fees is denied.